## CHAS. McCARTNEY v. M. J. CASSIDY, ET AL.

APPEAL BY DEFENDANTS FROM THE COURT OF COMMON PLEAS NO. 4 OF PHILADELPHIA COUNTY.

Argued March 24, 1891—Decided April 13, 1891.

The grounds of relief, averred in a bill filed to restrain the defendants from obstructing an alleged city street by the erection of buildings upon it, being fully denied by the defendants' affidavits read on the hearing, it was error to award a preliminary injunction, and the decree therefor was reversed.

Before PAXSON, C. J., STERRETT, GREEN, CLARK and WILLIAMS, JJ.

No. 32 January Term 1890, Sup. Ct.; court below, No. 753 March Term 1890, C. P. No. 4, in Equity.

On May 10, 1890, Charles McCartney filed a bill in equity against Michael J. and John J. Cassidy, averring:

" 1. That he, Charles McCartney, is the owner in fee-simple of the messuage and lot of ground on the south side of Mc-

Statement of Facts.

Clellan street, 166 feet westward from Eleventh street, in the First ward of Philadelphia, containing in front or breadth on said McClellan street 16 feet, and of that breadth in length or depth southward 96 feet, to the north side of Siegel street.

" 2. The said premises were formerly a part of the estate of William Read, deceased, which was plotted by Charles S. Close, surveyor and regulator of the second district of Philadelphia, July 1, 1868, as the estates of George G. Read and William Read, heirs of the said William Read, deceased, and, on the plan made, McClellan street is placed as running from Eleventh street westward to the distance of 255 feet, more or less ; and the said George G. Read and William Read have sold and conveyed lots of ground on both sides of McClellan street to the distance of 255 feet, more or less, from the west side of Eleventh street, and in every instance described the lots of ground conveyed as on the north or south sides of McClellan street.

" 3. That Gerhard street has recently been opened by ordinance of the city councils, from Moore street to Mifflin street, at the distance of about 255 feet westward from Eleventh street, so that Gerhard street will intersect with McClellan street.

" 4. That Michael J. and John J. Cassidy have commenced, and are proceeding to erect, a row of houses on the east side of Gerhard street, between Moore and Mifflin street ; and some of the cellars for the houses are dug out on McClellan street ; and the houses to be erected thereon, with their curtilages, will extend on McClellan street 70 feet, more or less, thus forever closing McClellan street at that end, to the great detriment and injury of complainant."

Upon the foregoing averments, the plaintiff prayed : 1. For an injunction, preliminary until hearing and thereafter perpetual, restraining the defendants from erecting any building or placing any obstruction upon McClellan street from Gerhard street to Eleventh street. 2. For general relief. On the filing of the bill, with affidavits on the part of the plaintiff, a preliminary injunction was awarded as prayed for.

On June 10, 1889, at an adjourned hearing of a motion to continue the injunction granted, affidavits were read on the part of the defendants, one of them, sworn to by John J. Cassidy, averring as follows :

" True it is, McClellan street was referred to in various deeds of conveyance of certain lots described, as being situate on said street so many feet westward from Eleventh street; and it may be claimed as being thus by implication of law dedicated to the public, giving ingress and egress to and from Eleventh street to the owners of said lots. But no dedication of such street by deed was ever made by metes and bounds or extent. Nor was it ever laid out on the confirmed plan of the city, or legally opened as a public highway, nor in any manner used as such west of a point 204 feet westward from the west side of Eleventh street. It had no outlet whatever to the westward, leading only to and from the ground owned by the defendant and his grantors.

" The east side of Twelfth street is and has been for many years built up solidly by a row of brick dwelling-houses, and there was no cross street whatever after the vacation of the old Buck road (which was vacated March 20, 1869, by act of assembly: See P. L. of 1869, 469), between Eleventh and Twelfth streets, leading either into Moore or Mifflin street, to give any outlet whatever from the said McClellan or Siegel streets to the westward. All the land east of the rear end of the lots fronting on the east side of Twelfth street, lying between Moore and Mifflin streets, and extending eastward to a line 204 feet westward from the west side of Eleventh street, was vested in this deponent in fee-simple, who, last April, laid out Gerhard street of the width of 30 feet and extending from Moore street to Mifflin street, and subdivided the land bounding Gerhard street on the east and west sides into certain lots which he conveyed to the defendant, Michael J. Cassidy, reserving thereout respectively a certain ground-rent.

" Thereupon Michael J. Cassidy commenced the erection of two rows of houses, viz., one on the east side of Gerhard street and one on the west side of said street, which work was duly progressing until stopped by the injunction of your honorable court. No person whatever had or has any interest whatever in or over the land lying between said Moore and Mifflin streets, west of a line cutting said McClellan street at a point 204 feet westward from the west side of Eleventh street, and east of the said lots fronting on Twelfth street, excepting this defendant and those claiming under or through him. There was no ac-

cess from McClellan street to the west of said point, the land being surrounded by a fence, and the abrupt, hilly character itself preventing access. Neither the owners nor occupants of any of the lots fronting on said McClellan street, east of said line 204 feet west of Eleventh street, ever made use of any portion of said land to the west as and for a passage way or in any other manner, but the same has always been in the possession and occupancy of this deponent and those under whom he claims, save and except along said Buck road, which was vacated as aforesaid; and said McClellan street was never extended or claimed to be extended to said Buck road. The ground covering what would be the extension of McClellan street, if opened beyond said point, 204 feet westward from the west side of Eleventh street, has been duly surveyed as private property by the district surveyor of that district of the city of Philadelphia. The registrar of the bureau of surveys of the city certified of date April 4, 1889, that McClellan street from Eleventh street to Twelfth street, in the First ward, is not laid out on the confirmed plan of the city, and it has not been dedicated or legally opened as a public highway: See copy of certificate hereto attached.

. "It is not true that Gerhard street has recently been opened by ordinance of the city councils from Moore street to Mifflin street, but the same was opened by the undersigned for the express purpose of utilizing his land on both sides of it, and to that end dedicated to the public use.

"That the complainant never made use of any portion of said ground lying to the westward of said point 204 feet west of Eleventh street, as and for a passage way or in any manner whatever."

After argument, a decree was filed directing that the injunction be continued until further order. Thereupon, the defendants took this appeal, specifying that the court erred:

1. In granting the preliminary injunction.

2. In continuing the preliminary injunction until further order.

*Mr. B. F. Fisher*, for the appellants.

Counsel cited: Robinson v. Myers, 67 Pa. 9; Kieffer v. Imhoff, 26 Pa. 438; Forbes St., 70 Pa. 125; Spackman v. Steidel,

Syllabus.

88 Pa. 453 ; Commonwealth v. Moorehead, 118 Pa. 344 ; Pearl
St., 111 Pa. 565 ; Kirkham v. Sharp, 1 Wh. 332 ; Gowen v.
Phila. Exchange Co., 5 W. & S. 143 ; Brooklyn St., 118 Pa.
64 ; North Penna. Coal Co. v. Snowden, 42 Pa. 490 ; Wash-
burn's App., 105 Pa. 482; act of May 9, 1889, P. L. 173.

*Mr. Andrew J. Maloney*, for the appellee.

Counsel cited : Paul v. Carver, 26 Pa. 223 ; Cox v. Freedley,
33 Pa. 124 ; Trutt v. Spotts, 87 Pa. 339 ; Spackman v. Steidel,
88 Pa. 453 ; Transue v. Sell, 105 Pa. 609 ; Baker v. Chester
Gas Co., 73 Pa. 117 ; Ellis v. Academy, 120 Pa. 608 ; Pearl
St., 111 Pa. 565 ; Schenley v. Commonwealth, 36 Pa. 62 ; Schen-
ley v. Pittsburgh, 104 Pa. 472 ; Brooklyn St., 118 Pa. 646 ;
Patterson v. Harlan, 124 Pa. 67.

PER CURIAM :

This was an appeal from the decree of the court below,
awarding and continuing a special injunction.   We do not dis-
cuss the merits of such cases, and will merely say in this in-
stance that the defendants' affidavits so fully deny the equities
of the plaintiff's bill that, in our opinion, the injunction should
not have issued at this stage of the cause.   It may present an
entirely different aspect upon final hearing.

The decree is reversed, and the injunction dis-
solved at the costs of the appellee.

141   457
d171   72

141   457
39SC 444

